IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| TRESSA R. BROMGARD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV-05-04-S-BLW |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **DECISION AND ORDER** |
| | ) | |
| IDAHO DEPARTMENT OF | ) | |
| CORRECTION, CARL BROWN, TOM | ) | |
| BEAUCLAIR, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Currently pending before the Court is Defendants' Motion for Summary Judgment (Docket No. 10). The motion was filed on behalf of Defendants Tom Beauclair and the Idaho Department of Correction (IDOC).

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and existing record, and, therefore, this matter shall be decided on the record without oral argument. D. Idaho L. Civ. R. 7.1(b).

The Court has determined that Defendants' Motion for Summary Judgment will be granted. The IDOC and Director Tom Beauclair will be dismissed from

**ORDER  1**

this action, and Plaintiff will be given thirty days within which to serve Defendant Brown, the remaining Defendant.

## SUMMARY JUDGMENT MOTION

### Standard of Law for Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

In a motion for summary judgment, the moving party bears the "initial burden of identifying for the court those portions of the record which demonstrate the absence of any genuine issues of material fact." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)). If the moving party points to portions of the record which demonstrate that there appears to be no genuine issue of material fact as to claims or defenses at issue, the burden of production shifts to the non-moving party. To meet its burden of production, the non-moving party "may not rest upon the mere allegations contained in his complaint, but he must set forth,

**ORDER 2**

by affidavits, exhibits or otherwise, specific facts showing that there is a genuine

issue for trial."  Fed. R. Civ. P. 56; *see also T.W. Electric Serv., Inc*., 809 F.2d at

630 (internal citation omitted).

       The Court does not determine the credibility of affiants or weigh the

evidence set forth by the non-moving party.  All inferences which can be drawn

from the evidence must be drawn in a light most favorable to the nonmoving party.

*T.W. Elec. Serv*., 809 F.2d at 630-31.   Rule 56(c) requires the Court to enter

summary judgment "against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which

that party will bear the burden of proof at trial."  *Celotex*, 377 U.S. at 322.  The

existence of a scintilla of evidence in support of the non-moving party's position is

insufficient.  Rather, "there must be evidence on which the jury could reasonably

find for the [non-moving party]."  *Anderson,* 477 U.S. at 252.


       **Summary of Material Facts**[1]

---

[1]  The facts are taken from the Amended Complaint (Docket No. 2), the Affidavits
submitted in support of Defendants' Motion for Summary Judgment, and excerpts of
Plaintiff's discovery responses, attached to affidavits filed with the Motion for Summary
Judgment.  Plaintiff's counsel filed the following response to Defendants' Motion:
"COMES NOW Plaintiff, Tressa Bromgard, by and through her counsel of record . . . and
                                            (continued...)

**ORDER  3**

Plaintiff Tressa Bromgard filed a Complaint in federal court on January 10, 2003, alleging violation of her civil rights under 42 U.S.C. § 1983.  She named the following Defendants in the Complaint: (1) Director of the IDOC, Tom Beauclair; (2) Probation Officer Carl Brown, and (3) the IDOC.  *Amended Complaint* p. 2-3.

Plaintiff was convicted of a felony, and placed on probation.  The Idaho Board of Correction supervises all persons placed on felony probation, and Plaintiff was placed under the supervision of Defendant Brown.  *Affidavit of Richard Hammond*, ¶ 5.  Defendant Brown was a Senior Probation and Parole Officer, working at an IDOC office located in Emmett, Idaho.  *Affidavit of Gary Charland*, ¶ 7 (d).  Defendant Brown's supervision of Plaintiff's probation began in September of 2002.  *Amended Complaint*, p. 3.

In October of 2002, Plaintiff met with Defendant Brown in his office in Emmett, Idaho.  Brown allegedly lifted Plaintiff's blouse and bra and began to fondle her breasts.  The incident lasted a "couple of minutes."  *Plaintiff's Response to Defendants' First Set of Discovery Requests*, p. 8 (Docket No. 10-9).  A second incident occurred in January of 2003 when Plaintiff met Defendant Brown at his office in Emmett, Idaho.  Brown allegedly instructed Plaintiff to lie on her back on

---

[1](...continued)
hereby opposes Defendants' Motion for Summary Judgment herertofore filed with the court."  Docket No. 12.

**ORDER  4**

the floor, and proceeded to kneel down next to Plaintiff and lift her blouse and bra. He then fondled and sucked on both of her breasts.  *Id*.  During this second incident, Officer Brown ejaculated on Plaintiff.  *Id.*, p. 2.

On January 28, 2003, Probation Officer Julie Osmus notified her supervisor, Richard Hammond, that one of her probationers alleged that Plaintiff had told her about sexual misconduct between Plaintiff and Defendant Brown.  Mr. Hammond notified the IDOC of the allegation, and an investigation was ordered.  *Hammond Affidavit*, ¶ 8-9.  Defendant Brown was suspended on January 29, 2003, and Plaintiff's probation supervision was transferred to another probation officer the next day.  *Charland Affidavit*, ¶ 11; *Hammond Affidavit*, ¶ 10.

On January 29, 2003, the Officer of Investigations at IDOC, Lt. Janie St. Paul, received a request to investigate a charge of inappropriate conduct against Defendant Brown.  The complaint against him had been received by the Office of Officer Professional Standards (OPS).  *Affidavit of Lt. Janie St. Paul*, ¶ 4-5. Officer St. Paul began investigating the complaint against Brown, and she interviewed his co-workers and other probationers under his supervision.  She also interviewed Plaintiff.  During the interview, Plaintiff had difficulty remembering the exact dates on which the sexual misconduct had taken place.  *St. Paul Affidavit*, ¶ 10.  For some reason, Officer St. Paul did not interview Brown as part of the

**ORDER  5**

investigation.  *St. Paul Affidavit*, ¶ 8.  Brown resigned from the IDOC in July of

2003, approximately six months after his suspension.  *Charland Affidavit*, ¶ 12.

Defendant Brown became a probation officer in March of 2001, and he was

promoted to Senior Rank Officer in August of 2001.  In both April of 1998 and

October of 1998, Officer Brown acknowledged his receipt and review of the

following IDOC policies: (1) Sexual Harassment (Policy 201), (2) Non-

Fraternization with Offenders (Policy 218); and (3) Sexual Misconduct with

Offenders (Policy 219).  *Charland Affidavit*, ¶ 8, Exhibits A-C.  Brown also signed

an Employee Statement of Expectations in November of 2000, notifying IDOC

employees that they must refrain from conduct which may reasonably be

considered offensive to others.  *Id*., Exhibit D.  Brown also received Sexual

Harassment Training, setting forth the expectations of the IDOC regarding its

sexual harassment policy, in November of 2000, January of 2001, and August of

2002.  *Id*., ¶ 9, Exhibit E.

IDOC Director Tom Beauclair first learned of the sexual misconduct

allegation against Defendant Brown on January 29, 2003.  On this date he signed a

"Request for Investigation Approval" which initiated the investigation into

Plaintiff's allegations.  *Affidavit of Tom Beauclair*, ¶ 9.  Plaintiff indicated that

**ORDER  6**

"she has no evidence to indicate that Defendant Beauclair was aware of or had any personal knowledge of Defendant Brown's sexual abuse." *Plaintiff's Response to Defendant's First Set of Discovery Requests,* (Docket No. 10-9), p. 3.

Plaintiff's Complaint alleges that Defendant Beauclair was "charged with the formulation and implementation of directives and policies relating to the care and treatment of parolees . . . ." *Amended Complaint*, p. 2.  Plaintiff also alleges that "Defendants acted recklessly and with gross negligence in failing to monitor and adequately supervise Defendant Brown, so as to prevent the sexual abuse of Plaintiff . . . ." *Id*., p. 4.  Finally, Plaintiff's Complaint states that the IDOC failed to follow its own regulations and statutory requirements designed to protect Plaintiff.  *Id*.

### Discussion of Plaintiff's Claims

To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

An individual under the supervision of the IDOC has an Eighth Amendment right to be free from sexual abuse.  *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)); *see also Felix v.*

**ORDER  7**

*McCarthy*, 939 F.2d 699, 702 (9th Cir.1991); *Farmer v. Brennan*, 511 U.S. 825,

834 (1994); *Mathie v. Fries*, 935 F. Supp. 1284, 1301 (E.D.N.Y.1996); *Women*

*Prisoners of the Dist. of Columbia Dept. of Corrections*, 968 F. Supp. 744, 745

(D.D.C. 1997)).  Physical sexual abuse of a probationer is conduct which is

"inconsistent with contemporary standards of decency" and "repugnant to the

conscience of mankind," and, therefore, violates the Eighth Amendment.  *See*

*Whitley v. Albers*, 475 U.S. 312, 327 (1986) (internal citations omitted).

### Defendant Beauclair

In *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), the court outlined the

requirements for a finding of proximate causation:

> Liability under section 1983 arises only upon a showing
> of personal participation by the defendant.  *Fayle v.*
> *Stapley*, 607 F.2d 858, 862 (9th Cir.1979).   A supervisor
> is only liable for constitutional violations of his
> subordinates if the supervisor participated in or directed
> the violations, or knew of the violations and failed to act
> to prevent them. There is no respondeat superior liability
> under section 1983.

While § 1983 does not support liability on a respondeat superior theory, a

supervisor may be held liable if his or her inadequate training or supervision of

employees rises to the level of deliberate indifference.  *City of Canton v. Harris*,

489 U.S. 378, 388-89 (1989); *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir.

**ORDER  8**

2001)(plaintiff must establish a sufficient causal connection between the supervisor's failure to train or supervise and the constitutional violation).

Defendant Beauclair submitted an affidavit stating that prior to Plaintiff's allegations against Defendant Brown, he was not aware of any act or complaint that would lead him to believe that this probation officer posed a threat to probationers. *Beauclair Affidavit*, ¶ 9-10.  Defendant Beauclair also states that Brown received training in IDOC policies prohibiting sexual misconduct with offenders. *Id*., ¶ 6-7.

Plaintiff claims that Defendant Beauclair failed to "monitor and adequately supervise Defendant Brown so as to prevent the sexual abuse of Plaintiff." *Amended Complaint*, p. 4.  There are no specific allegations relating to Defendant Beauclair's deliberate indifference in failing to supervise or monitor Brown. Additionally, Plaintiff responded to Defendant Beauclair's discovery requests with the statement that "she has no evidence to indicate that Defendant Beauclair was aware of or had any personal knowledge of Defendant Brown's sexual abuse." *Plaintiff's Response to Defendant's Discovery Requests*, p. 3.  If Defendant Beauclair was unaware of the danger Brown posed, then he could not be deliberately indifferent to the safety issues surrounding Brown's  supervision of

**ORDER  9**

probationers. *Jeffers v. Gomez*, 267 F.3d at 915 (the alleged inadequate training or supervision of an employee must rise to the level of deliberate indifference).

Based on the facts before the Court, Plaintiff has failed to sufficiently demonstrate the required elements of a § 1983 claim against Defendant Beauclair. Rule 56(c) requires the Court to enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 377 U.S. at 322. Plaintiff "may not rest upon the mere allegations contained in [her] complaint, but [she] must set forth, by affidavits, exhibits or otherwise, specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56; *see also T.W. Electric Serv., Inc*., 809 F.2d at 630.

Based on the foregoing, the Court grants Defendant Beauclair's request for summary judgment.

### Idaho Department of Correction

Plaintiff also named the IDOC as a Defendant in this case, and alleges that the agency "failed to follow their own statutory requirements and regulations

**ORDER  10**

designed to protect Plaintiff" as she was being supervised on probation.  *Amended Complaint*, p. 3.

Plaintiff's claim against the IDOC fails due to the Eleventh Amendment immunity afforded to state agencies.  The United States Supreme Court has determined that the Eleventh Amendment prohibits litigants from bringing suits for monetary damages against states, state agencies, and state officials acting in their official capacity.  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc*., 506 U.S. 139 (1993).  As a result, states and state agencies are not considered 'persons' under the provisions of §1983.  *Hafer v. Malo*, 502 U.S. 21, 26 (1991). Accordingly, Plaintiff's § 1983 claim against the IDOC is dismissed based on the immunity afforded to state agencies.

**Statute of Limitations**

Defendants Beauclair and the IDOC also request dismissal of Plaintiff's claims based on a statute of limitations defense.  But, in light of the Court's decision to dismiss the claims on the merit, the Court finds that it is unnecessary to address the statute of limitations issue.

Defendant Brown has not been served with the lawsuit, and, therefore, he may assert this defense at a later point in the case, if applicable.  Plaintiff will be

**ORDER  11**

given thirty (30) days within which to provide proof of service on Defendant Brown.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (Docket No. 10) is GRANTED.  Defendants Beauclair and the IDOC are dismissed from this lawsuit.

IT IS FURTHER HEREBY ORDERED that Plaintiff shall serve Defendant Brown within thirty (30) days of this Order's date and provide proof of such to the Court.



DATED:  **May 15, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**ORDER  12**